In re the **MARRIAGE OF Pamela A. ALLEN, Appellee,**

and

**Roger L. Allen.**

**United Mortgage Company, Intervenor-Appellant.**

No. 81CA1026.

Colorado Court of Appeals, Div. II.

March 8, 1984.

Rehearing Denied April 26, 1984.

Certiorari Granted Nov. 26, 1984.

Canges, Shaver, Volpe & Licht, E. Michael Canges, Denver, for appellee.

Holme Roberts & Owen, Donald K. Bain, Spencer T. Denison, Wayne H. Hykan, Denver, for intervenor-appellant.

KELLY, Judge.

In this dissolution of marriage action, the intervenor, United Mortgage Company, appeals the trial court's order refusing to set aside the property settlement provisions of the decree dissolving the marriage of Pamela and Roger Allen. United Mortgage Company argues that because the marital estate consisted in part of funds stolen and embezzled from it by Roger Allen, it is entitled to a constructive trust or equitable lien on the property awarded Pamela Allen. We reverse.

The permanent orders in this case incorporated a written stipulation covering property division, child support, and mainte-nance. A portion of the stipulation was executed when Roger paid Pamela $90,000 in cash and executed a promissory note in the amount of $75,000, secured by a second deed of trust on the residence, payable upon a date certain or sale of the residence.

Seven weeks after entry of the orders, United Mortgage Company, Roger's employer, discovered he had embezzled funds totaling $589,823 and that a substantial portion of those embezzled funds had been used to construct and furnish the family residence. Roger promptly moved to set aside the stipulation for permanent orders on the grounds that it was the product of fraud and that he and Pamela were not the owners of the marital estate that the court had divided. Roger alleged that the divided assets had been acquired with funds he embezzled from United Mortgage Company.

Based on its claim that it had an interest in the marital property, United Mortgage was permitted to intervene and join in seeking to set aside the stipulation for permanent orders. See C.R.C.P. 24. United Mortgage sought to impose a constructive trust and an equitable lien on the cash and promissory note received from Roger by Pamela, claiming that there were proceeds of the investment of embezzled funds in the family residence. Pamela defended against United Mortgage Company's claim on the ground that she was a bona fide purchaser for value of the proceeds of the embezzled property which she had received.

The trial court found that reopening the judgment would benefit Roger, who was under a restitution agreement from the criminal court and had had judgment entered against him; and, therefore, it declined to reopen the judgment. The trial court denied United Mortgage Company's prayer for imposition of a constructive trust and found that Pamela was a bona fide purchaser for value without notice.

United Mortgage Company argues, as it did in the trial court, that the stipulation

and order must be set aside, and that the property acquired with embezzled funds is subject to a constructive trust in its favor. We agree. We regard the provisions of § 18-4-405, C.R.S. (1978 Repl. Vol. 8), as entirely dispositive of the issues in this case. That statute provides:

"All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover three times the amount of the actual damages sustained by him, if any, and may also recover costs of the action and reasonable attorney's fees; but treble damages and attorney's fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property."

Theft under the 1972 Criminal Code includes embezzlement, and it is uncontroverted that Roger embezzled the funds of United Mortgage Company and that these funds were invested in the marital property of him and Pamela. Money, though it has no earmarks, may be traced as a trust fund. *Cox v. Metropolitan State Bank*, 138 Colo. 576, 336 P.2d 742 (1959). Hence, United Mortgage Company is entitled to trace the embezzled funds to their ultimate destination for the purpose of impressing a constructive trust. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

The judgment is reversed and the cause is remanded with directions that the trial court set aside the judgment dividing the property of the parties, hold such hearings as may be necessary consistent with this opinion, distribute the property of the parties, including the intervenor, as their interests may appear.

BERMAN and BABCOCK, JJ., concur.